```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRICKMAN INVESTMENTS INC, et al., on behalf of itself and all others similarly situated,

        Plaintiffs,

-against-

ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR

        Defendants.

07 Civ. 03455 (RJH)

**ORDER**

---

GERALD BILGER, individually and on behalf of all others similarly situated,

        Plaintiffs,

-against-

ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR

        Defendants.

07 Civ. 03815 (RJH)

---

ELIYAHU MOKHTAR, individually and on behalf of all others similarly situated,

        Plaintiffs,

-against-

ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR

        Defendants.

07 Civ. 05456 (RJH)

SHANNON VINSON, individually and on behalf of all others similarly situated,

                      Plaintiffs,

-against-

ALLOT COMMUNICATIONS LTD., YIGAL JACOBY, RAMI HADAR and ADI SAPIR

                      Defendants.

07 Civ. 05457 (RJH)

## BACKGROUND

On May 1, 2007, plaintiff Brickman Investments, Inc. ("Brickman") brought a securities class action against Allot Communications Ltd. ("Allot"). Plaintiff served the defendant with the summons and complaint on May 8, 2007. Three other plaintiffs, Gerald Bilger, Eliyahu Mokhtar, and Shannon Vinson, subsequently brought related actions against Allot. On July 2, 2007, Brickman moved to consolidate the four actions and to appoint Brickman as lead plaintiff in the consolidated action. On July 2, 2007, plaintiff Dikla Mondial Mutual Fund ("Dikla") timely moved for appointment as lead plaintiff in response to Brickman's notification of the pendency of the action. Plaintiff the Chen Group ("Chen") also timely moved for appointment as lead plaintiff on July 2, 2007. Brickman withdrew its motion on July 25, 2007. After briefing on the motions, the two remaining movants, Dikla and Chen, applied to combine into one lead plaintiff group on August 16, 2007. For the reasons that follow, the Court consolidates the actions, appoints Dikla and Chen as co-lead plaintiffs, and approves their selection of co-lead counsel.

2

## DISCUSSION

I. **Consolidation of the Actions**

If a party makes a motion to consolidate, the Court may not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is proper "[w]hen actions involving a common question of law or fact are pending before the court." Fed.R.Civ.P. 42(a). Under Rule 42, the court has "broad discretion to determine whether to consolidate actions, and in making this determination, [the court is] to consider whether judicial economy favors consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). "However, . . . efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (quoting *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1007 (2d Cir. 1995)) (citation omitted). "When a court is presented with securities actions in which the complaints are based on the same 'public statements and reports,' consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced." *Kaplan*, 240 F.R.D. at 91 (quoting *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F.Supp. 1196, 1211 (S.D.N.Y.1992)). Here, all four complaints are based on documents filed by Allot with respect to its November 15, 2006 initial public offering. All four complaints assert claims under the same statute, for the same class periods, and against the same defendants. Consolidation will expedite pretrial proceedings, prevent duplication of discovery, and minimize costs. Moreover,

3

consolidation will not prejudice the parties. Thus, consolidation of the Brickman, Bilger, Mokhtar, and Vinson actions under Rule 42(a) is appropriate.

The caption of these consolidated actions shall be "*In re Allot Communications Ltd. Securities Litigation.*" All relevant documents and submissions shall be maintained as one file under Master File No. 07-cv-03455 (RJH). Any other actions now pending or later filed in this district that arise out of or relate the same facts as alleged in the above cases shall be consolidated for all purposes, if and when they are brought to this Court's attention, whether by application to the Court or otherwise.

## II.     Appointment of Lead Plaintiffs

The Private Securities Litigation Reform Act (PSLRA) provides the procedure for selecting lead plaintiffs in securities class actions. Under the PSLRA, the court must "appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). There is a rebuttable presumption that the most adequate plaintiff is the "person or *group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice [that advised class members of the pendency of the action and related details];
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Dikla and Chen seek appointment as co-lead plaintiffs. Individually, they meet all of the requirements under the PSLRA. Moreover, no other member of the plaintiff

class seeks appointment or opposes Dikla and Chen. Therefore, collectively, they are the most adequate plaintiffs to represent the interests of the class.

Dikla and Chen are the only plaintiffs who meet the first requirement—that the plaintiff(s) must file the complaint or make a motion in response to a notice announcing the pendency of the action. Brickman filed the first action against Allot, published notice of the lawsuit (as required by the PSLRA), and moved to be appointed lead plaintiffs. Dikla and Chen are the only plaintiffs who made timely motions for appointment in response to Brickman's notice. Subsequently, Brickman withdrew its motion. Therefore, Dikla and Chen are the only plaintiffs who meet the first requirement.

Dikla and Chen meet the second requirement—that the lead plaintiff(s) must have the largest financial interest in the relief sought by the class—both individually and as a group. Dikla and Chen claim financial losses of $40,992.20 and $42,789.64, respectively. Their combined alleged loss is $83,781.84. Even Dikla's alleged loss of $40,992.20, the smaller of the two, is larger than any loss claimed by any other plaintiff. Thus, Dikla and Chen meet the second requirement.

Finally, Dikla and Chen have made a preliminary showing that they satisfy the requirements of Federal Rule of Civil Procedure 23. When seeking appointment as lead plaintiff, "the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Weinberg v. Atlas Air Worldwide Holdings. Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citing *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002)).

Typicality obtains when claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). However, "the possibility of factual distinctions between the claims of the named plaintiffs and those of the other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995) (citation omitted). Here, Dikla and Chen present legal claims that are substantially identical to the other plaintiffs'. All of the plaintiffs' injuries arise out of the same course of events: Allot's alleged failure to disclose that sales were declining in its indirect distribution channels. Thus, Dikla and Chen's claims are typical of the other class members.

Adequacy obtains when:

> (1) there [is] no conflict between the interests of the class and the named plaintiff nor should there be a collusion among the litigants; and (2) the parties' attorney [is] qualified, experienced, and generally able to conduct the proposed litigation.

*In re AOL Time Warner, Inc. Secs. &"ERISA" Litig.*, No. MDL 1500 (SWK), 2003 WL 102806, at *2 (S.D.N.Y. Jan. 10, 2003) (quoting *Jackson v. Foley*, 156 F.R.D. 538, 543 (E.D.N.Y. 1994)). There is no conflict among Dikla, Chen, and the remaining plaintiffs; their claims, and thus their interests, are substantially identical. Proposed co-lead counsel appear qualified and able to conduct this litigation. Thus, Dikla and Chen, as co-lead plaintiffs, meet the adequacy requirement and satisfy Federal Rule 23.

This court must address two issues that cast doubt upon the propriety of Dikla and Chen's alliance. First, some courts do not allow multiple plaintiffs to serve as co-plaintiffs. Second, before they decided to combine into one lead plaintiff group, Dikla

and Chen made objections to each other's candidacy. Neither of these issues warrants denying Dikla and Chen's application to be appointed co-lead plaintiffs.

Courts are divided over whether multiple plaintiffs may aggregate their claims and serve as co-lead plaintiffs. The text of the PSLRA clearly permits the appointment of multiple plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) states that a court must appoint the "person or *group of persons*" that meets the PSLRA's rebuttable presumption's requirements. However, courts that oppose aggregation are concerned that unrelated investors will combine losses solely to form the "group of persons" with the greatest financial interest in the case. *See e.g.*, *In re MicroStrategy Inc. Secs. Litig.*, 110 F.Supp.2d 427, 434 (E.D. Va. 2000) (noting concern about "groups of class members who form to be named lead plaintiffs jointly, and who seek to aggregate their losses to enhance their chances of winning selection as lead plaintiff"). That is clearly not the case here. First, Dikla and Chen's application to be co-lead plaintiffs is unopposed by any members of the plaintiff class. Second, as noted above, Dikla's alleged loss, the smaller of the two, is greater than the loss claimed by any other plaintiff. Obviously, Dikla and Chen did not aggregate their claims to beat another lead plaintiff candidate to the punch.

Many courts in this district allow aggregation of lead plaintiffs when it serves the best interests of the class. *See e.g.*, *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("The majority view hold[s] that unrelated investors may aggregate under certain circumstances."); *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416 (AJP), 2007 WL 4526532, at *11 (S.D.N.Y. Dec. 21, 2007) (appointing co-lead plaintiffs when appointment did not present "a situation where aggregation [was] sought to create the

largest loss"); *Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284 (RWS), 2004 WL 816440, at *5 (S.D.N.Y. Apr. 14, 2004) ("permitting [the movants] to be appointed co-lead plaintiffs, rather than appointing Greene alone, may help to ensure stability in the litigation and perhaps the exercise of greater control over the action's progress.")  In determining whether to appoint a group as co-lead plaintiffs, courts have considered several factors: (1) the size of the class, *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 226-27 (D.D.C. 1999); (2) any evidence that the group was formed in bad faith, *In re Cendant Corp. Ligit.*, 264 F.3d 201, 266-68 (3d Cir. 2001); and (3) the relationship between the parties, *Id.*, at 266-67.  First, the size of the proposed lead plaintiff group is not a problem.  Although the Chen group is comprised of three individuals, Shichao Chen, Cynthia Hober, and Robert Johnkeer, a lead plaintiff group composed of three individuals and an entity, Dikla, is not too large.  *See e.g.*, *Funke v. Life Financial Corp.*, No. 99 Civ. 11877 (CBM), 2003 WL 194204, at *5 (S.D.N.Y. Jan. 28, 2003) (appointing nine individuals as co-lead plaintiffs); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing seven individuals as co-lead plaintiffs).  Second, there is no evidence that Dikla and Chen united in bad faith.  Finally, the parties' relationship—their voluntary alliance—weighs heavily in their favor.

Here, no plaintiff except for Dikla and Chen seeks to represent the class.  The only two candidates for lead plaintiff status have opted to combine their efforts and serve as co-lead plaintiffs.  "[T]he mere fact that movants have chosen to ally themselves and present themselves to the court as candidates for co-lead plaintiffs does not oblige the court to accept the arrangement." *Rozenboom*, 2004 WL 816440, at *5 n.6.  However, here, there is no reason for the court to second-guess their judgment.  Dikla and Chen's

appointment as co-lead plaintiffs would serve the best interests of the class. It would foster cohesion among the plaintiffs, promote stability in the litigation, and allow the co-lead plaintiffs and their counsel to combine their expertise.

Before they decided to join forces, Dikla and Chen raised numerous concerns about each other's adequacy to serve as lead plaintiffs. For example, in its opposition motion, Chen claimed that Dikla is subject to unique defenses because Dikla is a foreign plaintiff suing a foreign defendant. Chen's opposition motion suggested that this exposed Dikla to defenses based on the doctrines of *forum non conveniens* and *res judicata*. On the other hand, Dikla alleged that Chen is an aggregation of unrelated investors. Moreover, Dikla argued that Chen failed to provide sufficient information for this court to conclude that it is an adequate lead plaintiff. These issues could prove troublesome. However, the fact that Dikla and Chen subsequently determined to serve together as co-lead plaintiffs lessens any concerns the court might harbor. As a practical matter, the Court must appoint a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). "[The PSLRA] *requires* a district court to appoint a person or persons to serve as lead plaintiff before proceeding with the adjudication of a private suit under the federal securities laws." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 81 (2d Cir. 2004) (emphasis added). *See also In re Motorola*, No. 03 Civ. 287 (RRP), 2003 WL 21673928, at *2 (N.D. Ill. July 16, 2003) (noting that the court must appoint a lead plaintiff under the PSLRA); *Craig v. Sears Roebuck & Co.*, 253 F.Supp.2d 1046, 1047 (N.D. Ill. 2003) ("Under the [PSLRA], I must appoint a lead plaintiff in these [securities litigation] cases."); *In re Cell Pathways, Inc., Sec. Litig., II*, 203 F.R.D. 189, 192 (E.D. Pa. 2001) ("The PSLRA states that the Court must appoint a lead plaintiff based on the relevant statutory criteria . . . .").

The fact that no other plaintiff has applied for appointment or opposed Dikla and Chen weighs heavily in their favor. Moreover, if Dikla and Chen serve as co-lead plaintiffs, they can compensate for each other's deficiencies. Thus, Dikla and Chen will serve the class better as a group than either of them would individually.

### III.   Appointment of Lead Counsel

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). Dikla and Chen ask the Court to appoint three law firms, Glancy Binkow & Goldberg LLP, The Law Office of Jacob Sabo, and Kahn Gauthier Swick, LLC, as co-lead counsel for the class. The resumes submitted by Dikla and Chen indicate that all three firms have served as lead counsel in several securities fraud class actions, and are otherwise well qualified. Accordingly, the Court appoints Glancy Binkow & Goldberg LLP, The Law Office of Jacob Sabo, and Kahn Gauthier Swick, LLC as co-lead counsel, provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses. *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y.1997). In the event that any application for fees is ever presented in this case, the court will carefully review any such submission to detect any unnecessary over-staffing or duplication of efforts.

### CONCLUSION

For the foregoing reasons, the Court consolidates cases 07-cv-3455, 07-cv-3815, 07-cv-5456, and 07-cv-5457, appoints Dikla and Chen as co-lead plaintiffs, and designates Glancy Binkow & Goldberg LLP, The Law Office of Jacob Sabo, and Kahn

Gauthier Swick, LLC co-lead counsel for the class. The Clerk is directed to close the pending motions [8, 11, 14].

SO ORDERED.

Dated: New York, New York
       March 27, 2008

_____
Richard J. Holwell
United States District Judge